was little probability of the granting of a rehearing in the Francois Case. While defendants carefully advised Francois as to the power of the Supreme Court to modify or reverse the judgment on rehearing, they admit that they did not advise him as to the improbability of the granting of a rehearing in the case.

The purchase of the judgment by the attorneys was not only in violation of a prohibitory law, but was surreptitious, and the client did not receive that disinterested advice, to which he was entitled. See Phipps v. Willis, 53 Or. 190, 96 Pac. 866, 99 Pac. 935, 18 Ann. Cas. 123.

The law is well settled that unfaithful or fraudulent conduct of an attorney towards his client, showing the unfitness of the attorney to handle the affairs of others, is good ground for suspension or disbarment. 4 Cyc. 907.

As the defendants are young in years and experience at the bar, and as this was their first transgression against the ethics of the profession, we are of opinion that their punishment should be suspension, instead of disbarment.

It is therefore ordered that the license to practice law heretofore issued by this court to the defendant John D. Nix, Jr., be suspended for two years, and that the licenses of the defendants Fernand F. Teissier and Louis G. Teissier be suspended for one year, to commence to run from the date of the finality of this decree; and it is further ordered that during said period each of said defendants be prohibited from practicing the profession of attorney and counselor at law within the limits of this state; and it is finally ordered that the defendants pay the costs of this suit.

### On Application for Rehearing.

PER CURIAM. It is ordered that the judgment heretofore handed down be amended in so far as that the suspension of Fernand F. Teissier is reduced from one year to three months—to begin from this date. It is further ordered that the application for rehearing be refused.

───────

(66 South. 233)

No. 20276.

### Succession of HOUSKNECHT.

(Dec. 15, 1913. On the Merits, March 16, 1914. On Rehearing, Oct. 19, 1914.)

*(Syllabus by the Court.)*

#### On Motion to Dismiss.

1. APPEAL AND ERROR (§ 15*)—SEPARATE APPEALS—DISMISSAL.

Where two proceedings in the same succession, between the same parties, involving a common issue, were consolidated by consent of counsel, and submitted together for decision in chambers, and a judgment was rendered in each proceeding and an appeal was taken from the "judgment" disposing of the issues in both proceedings, and but one bond was given, *held*, that the appeal will not be dismissed on the ground that two appeals should have been taken and two appeal bonds furnished.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 59, 60; Dec. Dig. § 15.*]

#### On the Merits.

2. GIFTS (§ 30*) — AUTHORIZATION TO WITHDRAW MONEY—EFFECT.

A document, reading: "To the Commercial-Germania Trust and Savings Bank, * * * I hereby authorize Mrs. Josephine Connell to withdraw any money she may wish from my account in the Commercial-Germania Trust and Savings Bank at any and all times. Account Mrs. Meyers"—is merely an authorization to Mrs. Connell to draw money from the account of Mrs. Meyers, and is not evidence of a manual gift of the money which was formerly in the bank and withdrawn by Mrs. Connell.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 52–57, 65; Dec. Dig. § 30.*]

3. GIFTS (§ 49*) — MONEY WITHDRAWN FROM BANK ACCOUNT—PROOF.

Where a daughter alleges that money drawn from the account of her mother was intended as a manual gift, it must be made to appear by convincing evidence that at the time the money was withdrawn the money was intended by the mother to be a donation to her daughter, as nothing will be left to intendment and construction to support the allegation of the daughter that the money was intended as a manual donation.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. § 49.*]

On Rehearing.

4. GIFTS (§ 30*) — DONATION INTER VIVOS — PROOF.

The donation inter vivos of an account in a savings bank is the gift of a right or credit, which must be evidenced by an act passed before a notary public and two witnesses, under the pain of nullity. Civil Code, 1536.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 52–57, 65; Dec. Dig. § 30.*]

Provosty, J., dissenting in part.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

The application of Mrs. Josephine Boyle to be appointed administratrix of the succession of Catherine Housknecht was opposed by Edward Boyle and others. From a dismissal of their opposition and of their rule to turn over moneys to the succession, opponents appeal. Affirmed as to dismissal of opposition, and reversed and rendered as to dismissal of the rule.

J. J. Prowell, of New Orleans, for appellants. A. B. Leopold, of New Orleans, for appellee.

On Motion to Dismiss.

LAND, J. Mrs. Josephine Boyle, wife of James D. Connell (hereinafter called Mrs. Connell), applied to be appointed administratrix of the succession of her deceased mother, Catherine Housknecht, widow by first marriage of Edward Boyle, deceased, and widow by second marriage of Gotlieb Meyer.

This application was opposed by Edward Boyle, a son of the deceased, and by John W. Boyle, Corinne Boyle, and William Boyle, children of a son of decedent's first marriage.

The opponents recommended the appointment of John W. Boyle, as administrator, in preference to Mrs. Connell, a married woman, alleged to be without business qualifications or experience.

The opponents alleged that Mrs. Connell was indebted to the estate in a large sum, which she had failed and refused to include in the inventory, and that Mrs. Connell, as agent and attorney in fact of her aged mother, had withdrawn from bank several hundred dollars, and deposited the same to her individual credit. Later John W. Boyle ruled Mrs. Connell to show cause why she should not have placed on the inventory the sum of $1,535.38 collected by her, under the said power of attorney, from a certain bank in the city of New Orleans. Mrs. Connell answered the rule, and averred that said sum was received by her as a manual gift from her mother.

After the rule was taken up and evidence adduced, the parties proceeded to try the opposition to the appointment of Mrs. Connell, as administratrix, under the following agreement, to wit:

"It is agreed by counsel representing applicant and counsel representing opponent that this cause shall be consolidated with the matter of the rule to turn over funds, and that the evidence taken in said rule shall be used in this cause, as far as applicable, reserving to either party the right to offer such additional evidence as may be deemed proper and necessary."

The case was submitted to the court under the following agreement of counsel:

"It is agreed that in this case, both as to the opposition of appointment of administrator and rule taken against Mrs. James D. Connell, to return to the succession certain money, enumerated in said rule, be read, rendered, and signed by the judge hereof, during vacation and out of term time, and that an appeal may be taken from said decision, by motion, during vacation, the same as though this cause had been decided in term time and an appeal regularly taken therefrom."

It is apparent that the word "judgment" has been omitted in the first line of the agreement.

On October 8, 1913, the judge in open court, rendered a judgment dismissing the opposition and appointing Mrs. Connell as administratrix. On the same day the judge in open court rendered a judgment discharging the rule to place the sum of $1,535.38 on the inventory. Both judgments were read and signed in open court on October 14, 1913.

Opponents took an appeal from the "judgment" dismissing their opposition to the appointment of administrator and dismissing their rule to turn over moneys to the succession. The judge fixed the amount of the appeal bond in the sum of $100. The appellants executed a single bond for said sum, and the bond recites that the appellants have filed a motion of appeal "from a final judgment rendered against * * * in the suit of Succession of Mrs. G. Meyer, No. 103,350, of the civil district court for the parish of Orleans, on the 8th day of October 1913, and signed on the 14th day of October, 1913."

[1] The appellee has moved to dismiss the appeal on the grounds:

That the judgments below were distinct and separate, and two appeal bonds should have been furnished; that the appeal bond is insufficient to identify it with the motion and order granting the appeal, or with either judgment.

The two proceedings involved the same question of the alleged failure and refusal of Mrs. Connell to account for and produce funds belonging to the succession. The two proceedings were consolidated by consent of counsel, and the agreement to submit both cases for decision in chambers clearly implies the rendition of one judgment. In the motion for an appeal, and in the order granting the appeal and fixing the amount of the bond, the two judgments are treated as one.

This case is much stronger than that of the Succession of Clark, 30 La. Ann. 801, where three separate judgments were rendered; one vacating an order appointing a provisional administrator, another, maintaining an opposition to the appointment of any administrator; and a third ordering a partition by licitation. An appeal from the three judgments on one bond was maintained. The court said:

"All the questions passed upon in these three judgments arose in one case, the succession of John Clark; and they all tend to one result, the settlement of the succession of John Clark, whether by an administration, or by partition among the heirs, which puts an end to the succession."

In Succession of P. C. and N. Clairteaux, 35 La. Ann. 1178, there were two suits in each succession on distinct and separate matters, and only one bond was given. The court said that "the oppositions were not consolidated below, to be tried together and determined by one * * * judgment."

The motion to dismiss is therefore overruled.

## On the Merits.

BREAUX, C. J. [2] The forced heirs of the late Catherine Meyer née Housknecht, widow by first marriage of Edward Boyle, by second marriage of G. Meyer, opposed the application of Josephine Boyle, wife of James D. Connell, daughter of Catherine Meyer, on the ground that she did not have the business qualifications or experience necessary to administer the estate of her late mother; that she, Josephine Connell, is indebted to the estate of her late mother in a large sum which she failed to include in the inventory; that Mrs. Catherine Meyer, the deceased, was over 70 years of age at the date of her death, and that prior thereto her daughter, Mrs. Josephine Connell, exerted an influence over the mother to the extent that she obtained a full power of attorney from her to sign and execute checks and to do other acts in the name of the mother, who had an amount deposited in the Commercial-Germania Trust & Savings Bank.

As to the manual gift claimed by Mrs. Connell to her by her mother:

The order is inserted here in full for the reason that it is of some importance in deciding the point, that relating to the alleged manual gift. It reads as follows:

"To the Commercial-Germania Trust & Savings Bank, New Orleans. No. 7823. Dec. 21st, 1912. I hereby authorize Mrs. Josephine Connell to withdraw any money she may wish from my account in the Commercial-Germania-Trust & Savings Bank at any and all times. Account of Mrs. Meyers."

Two witnesses signed this order.

The bank on this power of attorney delivered to Mrs. Connell the amount in bank to the credit of Mrs. Meyer, which amounted to $1,535.38, balance on deposit.

As to this order, Mrs. Connell testified that the amount thereunder was a manual gift of her mother; she testified:

"I don't know exactly how much money she had in the bank until Mr. Blaffer gave me the check to draw, put it in my name; that my mother said to me, 'Josephine, take this letter to Mr. Blaffer, let him give you this money to put it in your own name because I want you to have it for yourself.'"

The witness also stated, contradicting the foregoing, that she had never used the power of attorney; that she had never drawn a cent from the bank other than "those hundred dollars which I just mentioned, which I drew before Christmas."

Mrs. Connell was appointed administratrix on the 8th day of October, 1913.

Opponents ask at this time that she be dismissed as administratrix.

We decline to grant that prayer. In few words we hold that the settlement of the succession is near the end. It would serve no useful purpose to dismiss the administratrix at this time. It would only delay the settlement and add to the costs.

Now as to the manual gift:

On January 10, 1910, the late Mrs. Meyer wrote to the cashier of the Commercial-Germania Trust & Savings Bank to transfer her account to her daughter, Mrs. Connell, to use as she sees fit.

The evidence shows that Mrs. Meyer, the decujus, was exceedingly anxious to avoid court costs, apprehensive that the end was near, and seemed concerned about the devolution of her property after her death.

Judgment on the motion to compel Mrs. Connell to place the amount of $1,535.38 on the inventory was rendered on the 8th day of October, 1913. The rule applied for in this motion was denied.

In the motion to have this amount deposited, the heirs, other than Mrs. Connell, alleged that she had an amount of $1,535.38 in her possession which belonged to the succession, the sum having been transferred to Mrs. Connell by the Commercial-Germania Trust & Savings Bank.

The transfer was made, as before stated, on the power of attorney to Mrs. Connell by the late Mrs. Meyer, her mother.

There were premium bonds for an amount over $4,000 and a small tract of land also belonging to the succession. The bonds are deposited in the depository of the court.

Edward Boyle, one of the heirs, testified that Mrs. Meyer supported Mrs. Connell for a number of years. On the other hand, Mrs. Connell testified that she supported her mother, for which the mother was grateful, and frequently said that her daughter should have some compensation for her services, and for that reason the manual gift was made.

The power of attorney which Mrs. Connell held was not an act of donation, nor does it prove in itself an intention on the part of the asserted donor, Mrs. Meyer, to donate the amount. The testimony upon the subject is direct enough, but it does not prove that the donor did actually hand over the amount to the donee. She authorized her to withdraw any money which she may wish for my account. That does not have the appearance of an actual gift as intended by the law upon the subject. In other words, the donation was not complete.

In the case reported in City of Baltimore,

etc., v. Merryman, 86 Md. 584, 39 Atl. 98, there was a complete donation of the check.

We do not attach the greatest importance to this decision, although we state that from the point of view of the appellee it was a complete assignment of the definite amount from the moment of the assignment.

The French authorities, construing the corresponding articles of our Code, hold that the manual gift can have for object only corporeal movables. This is the view expressed by Laurent, § 274.

In Huc, vol. 6, p. 242, it is stated more broadly that incorporeal things can be the subject of a donation. A title to a holder, for instance, is treated as a corporeal movable.

In the present case, there was no title to an incorporeal thing; only a power of attorney which directed the agent under the power of attorney to withdraw any money she might wish from the account at any and all times. It does not authorize Mrs. Connell to do as she pleases with the amount she withdraws. It is a power of attorney only, and the agent, it is presumed, must account to the principal. It is not to be presumed for an instant that one who is appointed agent by inference has the right to retain an amount that comes into his hands.

[3] The right recognizing manual gifts is an important one. Movable property is easily given; very little or no formality is required. From that point of view, it should be made to appear without the least doubt that the intention was to give the property. Proof of that intention must be made to appear by the manual gift itself, and not by statement of conversations held with the donee before or after the gift.

This article of the Code was adopted before movable property had the great value it has at this time. It was deemed that it could be disposed of without all the formalities required when realty is donated. For that reason, the manual gift of movable property must be considered at the present time to be as important in many instances as the donation of immovable property.

Moreover, under our system of laws, in the interest of the family, it is said an owner cannot dispose always of all his property without regard to the laws relating to the disposable portion.

If a manual gift can be made by a mere power of attorney without its being certain that the principal intended a donation, it would be easy at times to dispose of property without regard to others than the principal who also are interested in the disposition of property made, let us say, by the head of the family.

We have to reverse the decision of the district court and direct the donee to return the amount of $1,535.38, before mentioned, to the succession to be divided among the heirs.

It is therefore, ordered, adjudged, and decreed, as relates to the administratrix, that the judgment appealed from be affirmed, and she be permitted under the provisions of law to settle finally the succession of Mrs. Catherine Housknecht. To that extent the judgment appealed from is affirmed. It is further ordered, adjudged, and decreed that Mrs. Connell shall return to the succession the sum of $1,535.38, to be divided as before mentioned. It is further ordered, adjudged, and decreed that the appellee pay the costs of appeal and of the district court. The costs in so far as relates to the rule taken on March 13, 1913, to compel Mrs. James Connell to place the amount on the inventory to be paid by appellee also. The costs of the district court in matter of the opposition to the appointment of Mrs. Connell as administratrix to be paid by the opponents.

### On Rehearing.

LAND, J. [4] On January 10, 1913, Mrs. Meyer wrote to Mr. Blaffer as follows:

"Will you please see that my account is transferred to my daughter, Mrs. Josephine Boyle Connell, to use as she sees fit."

On the same day the Savings Bank delivered the balance at Mrs. Meyer's credit to Mrs. Connell on a receipt, signed, "Mrs. G. Meyer by Mrs. Josephine Boyle Connell." The evidence shows that Mrs. Connell held a power of attorney from her mother, to withdraw money from the savings bank. As a matter of fact the account was not transferred to Mrs. Connell. It follows that Mrs. Connell received the money as agent of her mother, and not as her assignee or transferee.

Considering said written request to Mr. Blaffer as a transfer of the account, the transaction was null and void as a donation inter vivos, because not passed before a notary public and two witnesses, as required by article 1536 of the Civil Code in case of every donation of "incorporeal things, such as rents, credits, rights or actions."

A deposit in a savings bank is not subject to check, and is a mere chose in action. Zane, Banks & Banking, pp. 630–639. "The passbook is not a document which is negotiable." Id., 643.

The claim of Mrs. Meyer against the savings bank fell squarely within the purview of C. C. art. 1536, and the alleged *gift* by parol, or private writing, of the right or credit, was a nullity for want of form.

According to the text of the law the manual gift is the giving of "corporeal movable effects, accompanied by a real delivery." C. C. art. 1539.

It has been held that indorsed checks, and bonds payable to bearer, may be subjects of the manual gift. See notes under C. C., arts. 1536, 1539; Merrick's Revised Civil Code (2d Ed.).

Such checks and bonds are exceptions to article 1536, which requires donations inter vivos of credits, rights, or actions to be evidenced by act passed before a notary and two witnesses.

In the case at bar, it is not shown by the required authentic evidence that Mrs. Meyer *donated* or *gave* to her daughter the balance due her by the savings bank. The alleged donation being a nullity for want of legal form, the delivery of the money to Mrs. Connell produced no legal effect.

For these additional reasons, our former decree herein is reinstated and made the final judgment of the court.

PROVOSTY, J., dissents in part, and hands down reasons. See 66 South. 236.