ROGERS, Justice.
 

 Mrs. Georgina Jepson Gorman died at her domicile in the City of New Orleans on September 1, 1942. In her will, made in olographic form on December 9, 1940, she left all of her property to Maurice M. Douglas and William Nash and appointed Nash as executor without bond. The will was probated and ordered executed. The appointment of William Nash as executor was confirmed and letters testamentary issued to him. An inventory of the estate was taken at the instance of the executor and showed assets including real estate and personal property valued at $7,598.52. Among the items inventoried was jewelry valued at $400 and a claim against Mrs. Margaret Muller for $2,643.92. The claim against Mrs. Muller was for money which, acting under a power of attorney, she drew out of a savings account in the name of Mrsl Gorman prior to her death.
 

 This suit was brought by William Nash, testamentary executor, to recover from
 
 *1095
 
 Mrs. Margaret Walsh Muller the jewelry and the money referred to in the inventory. Answering the suit, Mrs. Muller admitted that prior to her death Mrs. Gorman had a savings deposit amounting to
 
 $2,643.92
 
 and jewelry valued at the su'm of $335. Mrs. Muller also admitted that she had withdrawn the money from the bank and that she had the money and jewelry in her possession, but she denied that she possessed the money and jewelry without the authority of the decedent. She averred that the money and jewelry were donated to her by the decedent by manual gift. After hearing the parties on the merits, the trial judge rendered judgment in favor of the defendant and against plaintiff rejecting plaintiff’s demand at his cost. Plaintiff has appealed.
 

 The record shows that the defendant, Mrs. Margaret Muller, :and the decedent, Mrs. Georgina Gorman, were half sisters, the children of the same mother. On July 22, 1942, Mrs. Gorman was ill and confined to the Mercy Hospital in the City of New Orleans. At that time she had on deposit in a savings account in the Whitney National Bank the sum of $2,643.92 and also owned some jewelry valued at approximately $400. She executed a power of attorney on the form provided by the bank authorizing Mrs. Margaret Muller to withdraw her money from the bank.
 

 On July 22, 1942, the day the power of attorney was executed, Mrs. Muller withdrew
 
 $200; on
 
 August 6, 1942, she withdrew $2,000, and on August 28, 1942, she exhausted the account by withdrawing the balance. The death of Mrs. Gorman occurred four days later.
 

 On the trial of the case plaintiff offered the power of attorney executed by Mrs. Gorman, a photostatic copy of her account in the Whitney National Bank and the withdrawal receipts signed by Mrs. Muller. Plaintiff also called the defendant on cross-examination. In addition to her own testimony, brought out on cross-examination and direct examination, defendant offered the testimony of Mrs. Alice Wakefield and Mrs. H. G. Walsh, close personal friends of Mrs. Muller and Mrs. Gorman of many years standing. Mrs. Muller testified in substance that when her sister, Mrs. Gorman, was about to enter the hospital she asked her to be with her and to pay her hospital bills and that the money, left after the payment of the bills, and the jewelry were to be hers. That on July 22, 1942; after she had executed the power of attorney in the presence of Mrs. Alice Wake-field, Mrs. Gorman asked for her purse from which she took out the bank book and jewelry and handed them to Mrs. Muller and at the same time addressing Mrs. Wakefield, said: “Alice, (Mrs. Wakefield) I told you I gave this to my sister and I am giving it to her in your presence.” This testimony was confirmed by the testimony of Mrs. Wakefield, who visited Mrs. Gorman at the hospital twice a week. The testimony of Mrs. Muller was further cor
 
 *1097
 
 roborated by that of Mrs. H. G. Walsh, who testified that she visited Mrs. Gorman at the hospital on several occasions and that on one of those occasions, about the 22d or 25th of July, 1942, Mrs. Gorman told her that she had given her money and her jewelry to her sister, Mrs. Muller, who had been very good to her. Mrs. Muller withdrew the money from the bank during the lifetime of Mrs. Gorman and she paid her hospital bills amounting to $207.01, retaining as her own the balance of the funds withdrawn from the bank.
 

 In deciding the case in favor of the defendant, the judge stated that he believed the defendant and her witnesses. We have carefully read their testimony and have reached the same conclusion.
 

 Defendant contends that the object of the present suit is to declare void a manual gift of a corporeal movable, accompanied by a real delivery, which is not subject to any formality; that the gift was one of money and o.f jewelry which are corporeal movables and may be validly donated by manual gift. Plaintiff contends that' the testimony on behalf of defendant fails to establish the alleged donation by manual gift.
 

 The tradition or delivery of movable effects takes place if the party to whom it is intended they should be transferred or delivered has them already in his possession. Civ. Code, art. 2478.
 

 If the funds involved in this case had been in the actual possession of Mrs. Muller at the time her sister, Mrs. Gorman, expressed the desire to make the donation there would have been no necessity in order to perfect the manual gift to go through the ceremony of having Mrs. Muller turn the money over to Mrs. Gorman in order that Mrs. Gorman might immediately return the money to Mrs. Muller. The parties adopted the most expedient way of making and accepting the donation. It was not ineffective on that account. It would have been an idle ceremony for Mrs. Muller after withdrawing the money from the bank to hand it to Mrs. Gorman, the donor, so that Mrs. Gorman in turn might give it to Mrs. Muller, the donee. The law takes no account of useless formalities. In order to complete the manual gift it suffices that the will of the donor to give and the actual possession of the movable property by the donee operate simultaneously. In this case, the desire of Mrs. Gorman to make the gift was in full operation at the moment Mrs. Muller actually received the money from 'the bank. Succession of Zacharie, 119 La. 150, 43 So. 988. Gibson v. Hearn, 164 La. 65, 113 So. 766.
 

 The mere circumstance that a person authorizes another to withdraw his funds from a bank under a power of attorney does not of itself constitute a donation of the funds, but if the evidence satisfactorily shows that the power of attorney was executed as one of the means of establishing a donation of the funds and the volition of the donor to make the
 
 *1099
 
 gift is still in operation at the moment the donee actually receives the money from the bank, there would seem to be no good reason for holding the donation to be invalid.
 

 Considering the testimony offered to establish the manual gift by Mrs. Gorman to her sister, Mrs. Muller, and the close personal relations existing between them, the transaction whereby Mrs. Muller came into possession of the jewelry and the money from Mrs. Gorman can be considered in no other light than as a donation.
 

 Appellant relies on the Succession of Housknecht, 135 La. 818, 66 So. 233, L.R.A. 1915B, 396. But that case is distinguishable from this case on the facts. It is true in that case Mrs. Connell held a power of attorney from her mother, Mrs. Meyer, the decedent, to withdraw money from the bank, but it is clear that her authority under this instrument was merely that of an agent and that she received the money from the bank in that capacity and not as an assignee or transferee of her principal. Mrs. Connell did not rely upon the power of attorney to establish the donation, but on a letter written by her mother to the president of the bank in which she requested that her account in the bank be transferred to her daughter. As a matter of fact, the account was never transferred to Mrs. Connell, who withdrew the. money from the bank under the power of , attorney constituting her as the agent for that purpose and no other. But this Court, held that considering the written request to the president of the bank as a transfer of the account, nevertheless the transaction was null and void as a donation inter vivos because it was not executed before a notary public and two witnesses as provided for by Article 1536. of the Civil Code.1 In this case, as we have hereinabove shown, the power of attorney was executed by Mrs. Gorman in order to effectuate the donation of the money in the bank to Mrs. Muller. The money was actually withdrawn from the bank by Mrs. Muller during the lifetime of Mrs. Gorman and in accordance with the express desire of Mrs. Gorman that she should receive the money as a gift — all of which was satisfactorily established by the testimony of Mrs. Muller and her witnesses.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 FOURNET, J., concurs in the decree.
 

 O’NIELL, C. J., and HAMITER, take no part.