SCHOTT, Judge.
This is a suit by Karen M. France, as executrix of the succession of her uncle, Enrico P. Russo, to compel defendant, Lorraine T. Cahill, to return to the succession $27,800 she allegedly took from the decedent during his last days. Defendant contended that the decedent gave her the money as a donation. From a judgment in favor of the executrix defendant has appealed. The sole issue is whether the trial court’s credibility determination can be set aside.
Defendant is the surviving sister of decedent and for some time prior to his death on January 15, 1981 she cared for him in his illness. She had his power of attorney to handle his banking and had possession of a number of blank slips signed by decedent authorizing the bank to allow withdrawals from his savings accounts. Using these withdrawal slips she withdrew $20,-000 and $7,800 respectively on January 9 and 12, 1981 and the bank, relying on the power of attorney given her by decedent, issued certified checks to her order for like amounts.
Karen France testified that her aunt, the defendant, told her she was withdrawing the money to save inheritance taxes; that she would keep it for Karen but return it to the account if decedent recovered. Karen further stated that defendant suggested she draw up some document which would divide the money in three parts, one for defendant, one for Karen, and one for defendant’s son, Gregory Cahill.
Charles France, Karen’s father, testified that defendant told him on January 9 that she was going to withdraw some money from decedent’s account to save inheritance taxes for Karen and Gregory Cahill who were the expected legatees of decedent.
Defendant testified that the entire savings account was a gift to her from decedent, and she denied ever saying she was simply withdrawing the money to save taxes.
In rebuttal, decedent’s close friend and accountant testified that defendant told him one day at the hospital that she withdrew the money to avoid inheritance taxes.'
The trial judge remarked at the conclusion of the trial that he regarded the case as a “swearing match,” and in extensive reasons for judgment he made it clear that *665 he disbelieved defendant and believed the others.
In order for defendant to prevail she had the burden of proving that decedent intend: ed to make a donation of the money to her, Succession of Gorman, 209 La. 1092, 26 So.2d 150 (1946); and the proof to support a donation must be strong and convincing. Butler v. Reddick, 431 So.2d 396 (La.1983). In the present case defendant’s evidence consisted almost exclusively of her own testimony which was not deemed credible by the trial court. Since evaluation of credibility of witnesses is within the province of the trial court the inescapable conclusion is that defendant failed to prove the donations.
Accordingly, the judgment is affirmed.
AFFIRMED.