EDWARDS, Judge.
Step-daughter appeals the decision of the trial court which dismissed her petition for declaratory judgment in which she sought to be recognized as a co-owner of two certificates of deposit found in her step-father’s succession. For the following reasons, we affirm the judgment.
Frank Peter Daroca Sr., died in August 1986; his wife, Clara, predeceased him in October 1983. Each had prepared a will which left the entirety of his estate to the surviving spouse, less the forced portion owed to his and her child of previous marriages. Thus at Clara’s death, her child, Emelda Jean Rasbeary, received her forced portion and the remainder went to the surviving spouse, Frank Sr. At Frank Sr.’s death, the entirety of his estate was to go to Frank Jr.
It is undisputed that the statutory will probated, is valid and that there are no collation or reduction problems associated with this appeal. The sole basis for this appeal is Mrs. Rasbeary’s claim that because her name appeared on a joint bank account along with Frank Sr., and Frank Jr., that she is a co-owner or that Frank Sr., intended to donate certain monies in these accounts to her by placing her name on the account along with his name and his son’s, Frank Jr.
In dispute are two investment certificates, one in the amount of $90,000.00 and the other in the amount of $8,000.00. It was established at trial that, although the three names appeared on the certificate as account holders, Frank Sr., initially deposited his own funds in these accounts and that he alone had the authority to make withdrawals therefrom.
On appeal, Mrs. Rasbeary alleges that the adding of her name to an already established account, amounted to a donation inter vivos, and as such she, along with Frank Jr., should be recognized as a co-owner or a co-heir.
The trial court entered judgment in favor of the succession, finding that the two certificates were part of the succession, and against Mrs. Rasbeary, finding that the certificates were incorporeal movables requiring a notarial act of donation, which in this case was absent.
There are many cases on point in which persons have claimed ownership in accounts which they shared with a deceased. *467 In Butler v. Reddick, 481 So.2d 396 (La.1983), the issue was “whether George Arthur Johnson made a valid inter vivos donation to Ms. Ruth D. Reddick of $49,970.80 in a joint bank account.” The court answered the issue by stating:
Overlooked by the court of appeal here is the requirement stated in Succession of Woolfolk, 225 La. 1, 71 So.2d 861 (1954):
“... The burden of proving the donation is on the donee and under the decisions of this Court, the proof to support the donation must be strong and convincing.” (emphasis added) 71 So.2d 864.
Here, there is no corroboration of a dona-tive intent, only the self-serving testimony of the donee that Johnson wanted her to have the money. “[TJestimony as to the oral declarations ... of a dead man are of ... little weight ...” Succession of Zacharie, 119 La. 150, 43 So. 988 at 990 (1907). Ms. Reddick admitted that she made purchases for Johnson with the funds in the account. Since Johnson was in and out of the hospital and unable to handle his own financial affairs, the joint account alone does not establish a dona-tive intent.
Butler, 431 So.2d at 399.
Again in In Re Mulqueeny’s Succession, 156 So.2d 317 (La.App. 4th Cir.), certs. denied, 245 La. 92, 93, 94, 157 So.2d 234 (1963), a decedent had opened an account in his name and his secretary’s name, but did not divest himself of title thereto and continued dominion and control over them. At his death, the secretary claimed ownership of the account as her name appeared on it along with the decedent’s. In refuting this claim, the court held that although her name appeared on the account, the fact that the decedent alone exercised control over the account and the lack of a valid inter vivios donation to her, precluded her from validly asserting any ownership thereof. See also, Succession of Grubbs, 170 So.2d 256 (La.App. 2d Cir.1964), cert. denied, 247 La. 409, 171 So.2d 666 (La.1965).
Additionally in Mulqueeny, the court handled the issue of LSA-R.S. 6:751 and its applicability; it is relevant as appellant in the present appeal asserts the same allegations.
LSA-R.S. 6:751
When shares have been subscribed for, or shall hereafter be subscribed or, or when any certificate of any class or evidence of indebtedness shows the investment of funds in any association, in the names of two or more persons, payable to either, or payable to either or some of the survivors, such funds or any part of them or any interest or dividend on them may be paid, on due delivery of the certificate, book, or other evidence of indebtedness, to either of the persons, whether the other or others are living or not; and the receipt or acquittance of the person paid is a complete release and discharge of the association for any payment made, with respect to anyone.
On the other hand, the Daughter and intervenors in challenging the manual gift, invoke the provisions of LSA-C.C. Arts. 1536 and 1539, reading:
LSA-C.C. 1536
An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.
LSA-C.C. 1539
The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality.
At the outset, we must hold that LSA-R. S. 6:751 of the Building and Loan Code, is solely to protect such associations when making payment of accounts carried in alternative names, and in no wise affects the law relating to donations inter vivos of movables or ineorporeals.
Mulqueeny, 156 So.2d at 321.
Considering the facts presented at trial, that Mrs. Rasbeary had not deposited any of the monies of which she now claims ownership, and that the decedent alone had access to these monies while he was alive, we affirm the finding of the trial court dismissing appellant’s claims.
*468 All costs of this appeal are to be taxed to the appellant.
AFFIRMED.
SHORTESS, J., concurs with reasons.
SHORTESS, Judge,
concurring.
Decedent’s stepdaughter (appellant) moved to traverse the succession’s sworn descriptive list which included two “investment certificates” in decedent’s, his son’s, and his stepdaughter’s names. At the time of his wife’s death, the investment certificates were in decedent’s and his wife’s names. As they matured again, decedent put the certificates in his name alone; as they matured yet again, he changed the designation to himself, his son, and his stepdaughter. He died on August 21,1986; the $90,000.00 investment certificate was issued in all three names on March 10, 1986; the $8,000.00 investment certificate was issued on April 10, 1986. There was only one signature card, bearing decedent’s signature.
The investment certificates indicate on their faces, “Not transferable except on the books of the depository institution.” There are no words of negotiability. They both state, “This certifies that the accountholder holds a savings account with the opening balance and for the initial term on the maturity date shown hereon in the above named financial institution.”
Appellant has argued, conceding that the funds were incorporeal movables and that no authentic act of donation was executed, that by placing the certificates in all three names, a manual gift was made; or, alternatively, that the certificates were negotiable instruments and thus exempted from the authentic act requirement of LSA-C.C. art. 1536. The majority opinion apparently holds that the “investment certificates” were not negotiable. I agree.
The issue to be decided, then, is whether there was a valid manual gift of the investment certificates under LSA-C.C. art. 1539, which allows corporeal movables to be donated manually if there is a real delivery. In Succession of Miller, 405 So.2d 812 (La.1981), at 818, the Supreme Court held that funds from a savings account could be donated by manual gift as corporeal movables themselves, if there was an actual transfer. In Broussard v. Broussard, 340 So.2d 1309 (La.1976), the Supreme Court held that the purchase of certificates of deposit in the name of a husband and his wife did not effect a manual gift to the wife because there was no actual withdrawal or delivery of the funds, and that the account itself was an incorporeal movable and thus required an authentic act.
In the present case, no withdrawal of the funds was ever made, and no real delivery was effected under LSA-C.C. art. 1539. The decedent retained control of the funds. Merely placing all three names on the investment certificates did not, either constructively or actually, transfer the funds. See Succession of Grubbs, 170 So.2d 256 (La.App.2d Cir.1964), writ denied, 247 La. 409, 171 So.2d 666 (La.1965). Since the funds were never transferred, the investment certificates themselves, as incorporeal movables, could not be donated absent an authentic act. LSA-C.C. art. 1536; Succession of Amos, 422 So.2d 605 (La.App.3d Cir.1982).
I respectfully concur.