543 So.2d 131 (1989)
SUCCESSION OF T.B. DIFFEY.
No. 20492-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1989.
Rehearing Denied June 1, 1989.
Emmons & Stokes by Douglas L. Stokes, Jonesboro, for appellant.
*132 Culpepper, Teat & Avery by Bobby L. Culpepper, Jonesboro, for appellee.
Before HALL, C.J., and MARVIN and FRED W. JONES, Jr., JJ.
HALL, Chief Judge.
T.B. Diffey died testate on December 23, 1986. His widow, Mrs. Mary Lee Mangum Diffey, qualified as executrix and filed a detailed descriptive list which included a "Golden Passbook Account" as decedent's separate property. Earnest T. Diffey, Dorothy Duty, and Burlion B. Diffey, Mr. Diffey's three children from a former marriage, filed a motion to traverse the detailed descriptive list. After a hearing on the motion, the trial court determined that decedent had made a manual gift of the funds in the account to his children and rendered a judgment deleting the "Golden Passbook Account" from the detailed descriptive list. The executrix appealed. For the reasons which follow, we reverse the judgment of the trial court insofar as it deleted the passbook account from the descriptive list in that regard.
Prior to April 1985, the decedent had two accounts at Jackson Parish Bank totalling $27,582.88. The funds belonged to decedent but Dorothy Duty was authorized to sign on the accounts. On April 22 1985, Duty, without decedent's knowledge, combined the funds and transferred them into a single "Golden Passbook Account" in the names of Earnest Diffey and Dorothy Duty. According to Duty she transferred decedent's funds for his protection. Duty stated that decedent was 87 years old at the time of the transfer, and that she and Earnest wanted to control decedent's funds in case something happened to decedent.
When decedent found out about the transfer of funds he became upset and subsequently went to see an attorney. On May 16, 1985, the names of decedent and Burlion B. Diffey were added to the names on the account. Duty stated that their names were added to the account to keep down confusion. At that point and for almost 20 months until decedent's death, all named owners' signatures were necessary in order to make a withdrawal from the account. Duty stated that after May 17, 1985 decedent told her and Earnest that he wanted them to have the money in the account. The funds remained in the account drawing interest until decedent's death.
After a hearing on the motion the trial court deleted the "Golden Passbook Account" from the detailed descriptive list filed by the executrix. It found that the funds were transferred to the account in April of 1985 and remained in the account for approximately 20 months until decedent's death. It concluded that decedent made a manual gift of the funds in the account to his children.
Appellant contends that the credits represented by the "Golden Passbook Account" at Jackson State Bank are incorporeal movables the donation of which requires an act passed before a notary and two witnesses. Appellees argue that a donor does not have to physically place a gift in the donees' hands for there to be a manual gift. They cite Succession of Miller, 405 So.2d 812 (La.1981) and Succession of Gorman, 209 La. 1092, 26 So.2d 150 (1946) for the proposition that all that is necessary for a manual gift is the will of the donor to give and the actual possession of the movable property by the donee. They also argue that it is clear that decedent intended to make a manual gift of the funds in the account to his children since he had 20 months to change the status of the account, and decedent did not change it.
A donation inter vivos is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it. LSA-C.C. Art. 1468; Burkes v. Barbour, 364 So.2d 1059 (La.App. 2d Cir.1978). The burden of proving the donation is on the donee, and the proof to support the donation must be strong and convincing. Butler v. Reddick, 431 So.2d 396 (La.1983); Succession of Woolfolk, 225 La. 1, 71 So.2d 861 (1954); Succession of Daroca, 536 So.2d 466 (La. App. 1st Cir.1988).
A notarial act is required for the valid donation inter vivos of an incorporeal *133 movable. LSA-C.C. Art. 1536. An account on deposit is an incorporeal movable, LSA-C.C. Arts. 461, 473, which may only be donated by a notarial act in compliance with Article 1536. Butler v. Reddick, supra; Succession of Miller, supra; Burkes v. Barbour, supra. However, money withdrawn from an account on deposit is a corporeal movable which when accompanied by real delivery, is not subject to any formality. LSA-C.C. Art. 1539; Succession of Miller, supra.
Appellees' reliance on Gorman and Miller is misplaced. In both cases the donee received cash, a corporeal movable, from the accounts prior to the decedents' deaths. The manual gift was completed by the receipt of cash from the accounts by the donee. In the instant case no money was withdrawn from the accounts by the alleged donees prior to the decedent's death. The account remained an incorporeal movable and an act passed before a notary and two witnesses was required to effectuate the donation.
Furthermore, we find that appellees failed to prove decedent's intent to donate the funds in the account to them. The record is clear that decedent owned the funds which were transferred into the "Golden Passbook Account" by Duty. Decedent did not have any knowledge of the transfer, and the funds remained decedent's even though his name did not appear on the account initially. When decedent found out that his funds had been removed from his accounts he complained and subsequently went to see an attorney. Although the record is not clear as to why decedent's name was added to the account, it is clear that decedent's name appeared on the account and his signature was necessary for withdrawals from the account until his death. The fact that decedent maintained control over the account until his death indicates that he did not divest himself, at present and irrevocably, of the account purportedly given.
For the reasons expressed above, the judgment of the trial court deleting the funds in the "Golden Passbook Account" from the detailed descriptive list is reversed and set aside, and the motion to traverse is overruled as it relates to the passbook account. Costs of this appeal are assessed to the appellees.
Reversed and Rendered.

ON APPLICATION FOR REHEARING
Before HALL, MARVIN, FRED W. JONES, SEXTON and HIGHTOWER, JJ.
Rehearing Denied.