Plaintiff instituted this suit claiming ownership of a Plymouth automobile in the possession of defendant. He had issued a writ of sequestration under which the car was seized. Defendant denies that plaintiff is the owner of the car but admits he purchased the car and paid cash for it. She further alleged he made a manual gift of the car to her and delivered it to her possession.
On these issues the case was tried and the lower court awarded judgment for defendant, rejected the plaintiff's demands and dissolved the writ of sequestration. Plaintiff is prosecuting this appeal.
There is no dispute as to the law applicable to the case, to-wit, Revised Civil Code, Article 1539, which provides as follows:
"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."
Therefore, only questions of fact are involved, Did plaintiff make a manual gift of the car to defendant or not?
When the car was purchased defendant drove it off. No one else has ever driven the car from the date it was purchased, August 23, 1939, until it was seized, January 21, 1941. Defendant at all times had the keys in her possession.
Plaintiff was a railroad trainman and defendant was working in a restaurant in the City of Alexandria, Louisiana. They occupied the same room in a hotel in Alexandria. In this state of concubinage they had lived for a period of six years and until January 9, 1941, when plaintiff married another and therefore ceased his relations with defendant. Defendant refused to turn the car over to plaintiff claiming it was hers and it was then that plaintiff filed this suit. When the car was purchased the motor company furnished the license and applied for them in the name of plaintiff. For the year 1940 the license was applied for by the defendant in her name and were issued to her. However, plaintiff furnished the money to pay for the license.
A permit to drive the car was issued to defendant by the City of Alexandria. Plaintiff did not know how to drive an automobile and when he was not out on his run, defendant would drive him hunting, fishing or wherever he would go. Several occupants of the small hotel where plaintiff and defendant resided together testified that plaintiff had told them in many different conversations that he purchased the car for defendant or that he was going to buy *Page 164 
it for her and that he always spoke of it as defendant's car.
Plaintiff denies that he had ever given the defendant the automobile but admits he bought it for her to use and, in rebuttal, he swore he paid her $30 per month to be his chauffeur. This last statement is absurd and is clearly an afterthought on the part of the plaintiff. We feel sure it is not unusual for a concubine to demand an automobile of her "man" and we are likewise sure plaintiff would not have purchased the car for his own use since he could not drive it had it not been for the request of his concubine.
The lower court found the facts to be in favor of defendant's contentions and we cannot point out any manifest error in its finding. The fact that plaintiff paid for the repairs and gasoline is not unusual in such a case and set-up as existed between plaintiff and defendant. In passing on the case the lower court said:
"Plaintiff had partaken of the sweets and now he could partake of the bitters".
We cannot disagree with the court in this statement.
The lower court found that plaintiff had made a manual gift of the car to defendant and we are of the opinion the evidence justifies such a finding.
The judgment of the lower court is affirmed, with costs.