204 So.2d 625 (1967)
SUCCESSION of Emile H. OULLIBER
v.
Mrs. Glendora SOLIS, widow of Emile H. OULLIBER.
No. 2758.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1967.
Anthony J. Marciante and Benjamin Washastrom, New Orleans, for plaintiff-appellee.
Clement F. Perschall, for defendant-appellant.
Before YARRUT, SAMUEL and CHASEZ, JJ.
CHASEZ, Judge.
This suit was brought by Mr. Weldon J. Weeser, Sr., as Testamentary Executor of the Succession of Emile H. Oulliber, against Mrs. Glendora Solis, widow of Emile H. Oulliber, to have an asset of $10,650.00 declared community property, and to have it included in the inventory taken in the succession proceedings. When the matter *626 was brought to trial Mrs. Oulliber claimed the $10,650.00 as her separate property by virtue of a manual donation, allegedly having been made to her by her deceased husband, under Article 1539 of the Louisiana Civil Code.
After a hearing on the merits, a judgment was rendered in favor of the plaintiff declaring the amount of $10,650.00 to be classified and inventoried as property belonging to the community of acquets and gains which existed between Emile H. Oulliber and Mrs. Glendora Solis Oulliber. From this judgment appeal was taken.
The facts pertinent to the alleged donation took place on August 31, 1964. On that date the defendant, Mrs. Oulliber, withdrew $10,650.00 from a homestead account in the name of Mr. or Mrs. Emile Oulliber in the Homeseekers Savings & Loan Association. She withdrew the amount from the homestead account in two checks, one for $10,000.00 and one for $650.00. She then took the checks to the National Bank of Commerce where the $650.00 check was exchanged for cash and the $10,000.00 check converted into a cashier's check, payable to her order. That same afternoon she returned to the Veterans Hospital in New Orleans where her husband was undergoing treatment for the terminal stages of cancer. She testified that she entered her husband's room alone and he told her, in the presence of no one but herself, that he wanted her to have the money involved. There were no other witnesses to this declaration of intent, but Mrs. Oulliber repeatedly stated that her husband had told her that he wanted her to have the money on this and other occasions prior to this date.
Mrs. Oulliber claims on the basis of the facts and circumstances as herein described that she is entitled to have the $10,650.00 declared her separate property by virtue of an alleged donation. She claims by Article 1539 of the Revised Civil Code that a manual donation was properly made to her. The single issue then before this court is whether the decedent made a donation as claimed.
A man may give to his wife or a woman to her husband, either by marriage contract or during marriage, all that he or she might give to a stranger. See Revised Civil Code 1746.
It is well settled that a husband may make a valid, gratuitous donation of community movables to his wife, and upon satisfaction of the necessary procedure to complete the donation, they become her separate property. See Coney v. Coney, 220 La. 473, 56 So.2d 841; Succession of Byrnes, 206 La. 1026, 20 So.2d 301; Article 1746 R.C.C.; Burns v. DeBakey, La.App., 186 So. 374; Succession of Bendel, La.App., 116 So.2d 84.
A donation of movable property may be given legal effect simply by the donor causing the object to be delivered to the donee. A valid manual gift under Article 1539 Civil Code is accomplished by real delivery:
"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."
Thus, the necessary element of intent is supplied by the donor's having the object delivered to the donee. The fact of delivery serves to accomplish an irrevocable transfer to the donee and an immediate divesting of the owner's control over the gift property. Thus in order to determine whether the donor did in fact intend to make the gift, the court must investigate whether the donor actually delivered the object or caused its delivery to be made. Since mere possession of an object does not conclusively prove that a delivery was made, we must determine what acts have transpired that may constitute delivery to the possessor.
The burden of proving an alleged donation is on the donee, and such proof to *627 establish the donation must be strong and convincing. Succession of Woolfolk, 225 La. 1, 71 So.2d 861; Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502.
Oral proof of an alleged manual donation was discussed in Succession of Housknecht, 135 La. 818, 66 So. 233, 235, L.R.A.1915B, 396:
"[3] The right recognizing manual gifts is an important one. Movable property is easily given; very little or no formality is required. From that point of view, it should be made to appear without the least doubt that the intention was to give the property. Proof of that intention must be made to appear by the manual gift itself, and not by statement of conversations held with the donee before or after the gift."
In the instant case we have only the testimony of Mrs. Oulliber to support the alleged donation. There are no other circumstantial facts which the defendant can rely on as evidence of the delivery. With regard to the testimony given by Mrs. Oulliber, we are reluctant to base a great deal of reliance on this testimony as the trial judge found her to be an evasive witness who generally refused to answer questions directly. Her testimony is made up primarily of repetitious statements that her husband had wanted her to have the money. When questioned about what she had done with the money, she replied that she did not know, but this statement was found to be in conflict with other testimony given by her in a related matter before the district court. We are in agreement with the trial court's reluctance to attach any real significance to her testimony concerning her husband's desire to give her the money when she was so evasive as to the other elements involved.
Mrs. Oulliber, Sr., mother of the decedent, and Mrs. Weldon Weeser, sister of the decedent, gave testimony which contradicted that given by the decedent's wife. Mrs. Oulliber, Sr. stated that her son had never mentioned a donation, but on August 31st, the day of the alleged donation, he told her that his wife was going to the homestead to withdraw a few dollars to purchase some whiskey. There was no indication to either Mrs. Oulliber, Sr. or Mrs. Weldon Weeser that the decedent ever wanted his wife to have the money. Thus, the proof of the alleged donation, which is supported only by the donee's possession and her own oral testimony, is given no real weight because it is contradicted by other witnesses.
Whether the donor made different statements of intent to other witnesses would be of no consequence if real delivery could be proved, but the proof of delivery is the weak point of defendant's case. There is no evidence that the decedent took any action to cause delivery to be made to the donee. Although he was confined to bed, he could have done some act to confirm this alleged donation, but there is no indication from any other circumstances that he intended to give her the money. All of the facts in withdrawing the money, converting part of it to cash and part to a cashier's check were done by Mrs. Oulliber. All of her actions simply lead to the conclusion that she took possession of the money in her joint account with her husband. The decedent had in no way indicated his intent for his wife to have the money, either by an attempt to confirm some element of delivery or through a verification by corroborating testimony or circumstances.
On at least one occasion the Louisiana Supreme Court has denied the existence of a manual donation by invoking the requirements of La.C.C. 2277, Succession of McBurney, 162 La. 758, 111 So. 86. Article 2277 states that in proof of agreements involving movable property valued above $500.00, one credible witness and other corroborative circumstances must be shown in proof thereof. While we are of the opinion that it is unnecessary to rely on this article in the present controversy, it does offer an interesting guide-line to this situation. In Succession of McBurney the decedent had signed blank checks with which *628 the defendant, acting as the decedent's agent, purchased bonds. The defendant returned the bonds to the decedent who then allegedly gave them to the defendant. This alleged donation could only be supported by the testimony of the defendant, but the court would not uphold the transfer as valid even though the good faith and honesty of the defendant was accepted and all that he said was true. The court would not justify the manual gift on his testimony alone, stating:
"The good faith and honesty of Dr. Bacon may be accepted and all that he says may be true, and yet his testimony, standing alone, is not sufficient in law to justify the court in sustaining as a manual gift so large an amount as here involved.
"[7] Article 2277, C.C., declares that all agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed $500, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements above $500 in value must be proved at least by one credible witness and other corroborative circumstances.
"We think the rule thus laid down entirely applicable to such a case as here presented.
"There can be no difference in principle and in the sufficiency of parol proof required between a case where an ordinary claim is sought to be enforced against a succession exceeding $500 and a moneyed gift claimed to have been made in excess of that amount.
"In Cutler v. Collins, 37 La.Ann. 95, it was said:
`The testimony of a plaintiff, in his own favor, to establish a large claim against a succession, should be received with the greatest caution. It is, in itself, of the weakest character and unless strongly corroborated, cannot serve as a basis for a judgment of recovery.'"
Succession of McBurney, supra at page 90.
As did the court in the McBurney opinion, we do not intend to cast any aspersions on the defendant or any other party interested in this contested issue. We simply conclude that, from the facts and evidence introduced in this case, the defendant has failed to bear the burden of proving this alleged donation. We cannot conclude that a real delivery has taken place when there is no evidence that the donor intended that a gift or a delivery be made.
In addition to affirming the judgment of the lower court, we order that Mrs. Glendora Solis Oulliber account for and deliver to Mr. Weldon J. Weeser, Sr., Testamentary Executor, the sum of Ten Thousand, Six Hundred Fifty Dollars ($10,650.00) belonging to the succession which she has had in her possession.
As amended the judgment of the lower court is affirmed and all costs are taxed to the defendant-appellant.
Amended, and as amended affirmed.