259 So.2d 388 (1972)
Succession of Harold Raymond BREWSTER.
Frances Digiovanni BREWSTER, Petitioner, Tutrix, Appellee,
v.
Mr. & Mrs. C. L. BREWSTER, Opponents-Appellants.
No. 11782.
Court of Appeal of Louisiana, Second Circuit.
February 29, 1972.
Rehearing Denied March 27, 1972.
*389 Miller & DeLaune by Donald R. Miller, Shreveport, for opponents-appellants.
Love, Rigby, Dehan & Love by Samuel P. Love, Jr., Shreveport, for appellee.
Before AYRES, PRICE and HEARD, JJ.
En Banc. Rehearing Denied March 27, 1972.
HEARD, Judge.
Frances D. Brewster, surviving spouse of Harold R. Brewster, petitioned for a judgment putting her and her minor child into possession of the community property of the marriage. Accompanying Frances Brewster's petition was an affidavit to the inheritance tax collector which included a descriptive list of all of the property of deceased. Mr. and Mrs. C. L. Brewster, parents of deceased, opposed the inclusion of certain movable property in the descriptive list, specifically, a 1970 Ford Thunderbird, a 1969 Ford Thunderbird, a Zenith stereo, an Exercycle, a Relaxerciser, a whirlpool bath, some medical books and a tape recorder.
Mr. and Mrs. C. L. Brewster alleged that they paid funeral expenses of $1,492.42 and prayed for recognition as creditors of the succession in this amount.
In a supplemental petition Frances Brewster alleged that Mr. and Mrs. C. L. Brewster held in their possession certain cash funds which were the separate property of deceased. Specifically these funds were alleged to be (1) a check for $450 payable to Harold Brewster from a Vivian hospital, and (2) funds in an account in the name of Mr. and Mrs. C. L. Brewster which funds were deposited by Harold Brewster to pay a $4,844 check to the Internal Revenue Service. Frances Brewster prayed that these funds be paid into the registry of the court for distribution in the succession proceedings.
The trial court rendered judgment placing Frances Brewster and her minor child into possession of all uncontested items of property which were on the descriptive list, and further, rendered judgment putting Frances Brewster and her minor child into possession of the Exercycle, Relaxerciser, whirlpool bath, medical books, tape recorder and 1970 Ford Thunderbird.
Further, the court rendered judgment putting Frances Brewster and her minor child into possession of the 1969 Ford Thunderbird subject to a credit in favor of Mr. and Mrs. C. L. Brewster in the amount of the trade-in value of a 1967 Galaxie automobile.
Further, the court rendered judgment decreeing the Zenith stereo to be owned by Mr. and Mrs. C. L. Brewster. Finally, the court rendered judgment rejecting Mr. and Mrs. C. L. Brewster's claim for restitution of funeral expenses.
The court did not pass on ownership of the cash funds. In written reasons for judgment, the trial judge stated: "No personal judgment has been asked in this matter, and therefore the court's ruling here is limited to determining the ownership of the items listed in the opposition."
Mr. and Mrs. C. L. Brewster perfected a devolutive appeal from the judgment below.
The issue on appeal with regard to each item of contested property is whether Harold R. Brewster donated the movables to Mr. and Mrs. C. L. Brewster.
LSA-C.C. Art. 1539 states:
"The manual gift, that is, the giving of corporeal movable effects, accompanied *390 by a real delivery, is not subject to any formality."
In order to have a valid donation it must appear that the donor had the intent to divest himself of his property. This intent is, of course, an invisible thing, existing only in the donor's mind. From the donor's outward actions, it can be inferred whether he intended to give. In a situation where an authentic act is required, it can be inferred from the donor's execution of said authentic act that he intended to give. Where no authentic act is required, delivery of the thing to the donee implies the donor's intent to give. "Thus, in order to determine whether the donor did in fact intend to make the [manual] gift, the court must investigate whether the donor actually delivered the object or caused its delivery to be made." Succession of Oulliber v. Oulliber, La.App., 204 So.2d 625 (4th Cir. 1967); Succession of Gorman, 209 La. 1092, 26 So.2d 150 (1946); Succession of Woolfolk, 225 La. 1, 71 So.2d 861 (1954).
The burden of proving an alleged donation is on the donee, and such proof to establish a donation must be strong and convincing. Oulliber, supra; Woolfolk, supra; In Re McCrocklin's Succession, 126 So.2d 364, La.App. (2d Cir. 1960); Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502 (1949).
In summary, with regard to each item of disputed property, we must determine whether Dr. Harold Brewster intended to donate the property to his parents. If he made actual delivery of the property to them this implies his intent to divest himself of ownership.
Dr. Brewster purchased the stereo and it was delivered to his home. His wife, from whom he was separated, testified that she did not want the stereo. Dr. Brewster then delivered the stereo to his parents' home. The evidence indicates that the stereo was delivered to his parents a few days before Christmas, which seems clear, we hold, that Dr. Brewster intended to give the stereo to Mr. and Mrs. C. L. Brewster.
The testimony indicates that Dr. Brewster brought the Exercycle, Relaxerciser, whirlpool bath, medical books, and tape recorder to his parents house when he left his matrimonial domicile. Although there is some evidence to the contrary, we hold that Dr. Brewster did not intend to give these articles to his parents. Rather than actual delivery to the parents of these items, Dr. Brewster merely brought these things with him when he moved. Mr. and Mrs. C. L. Brewster did not sustain their burden of proving the donation of the things.
Dr. Brewster purchased the 1969 Thunderbird from Bill Hanna Ford, trading in on the new car a 1967 Ford Galaxie he used belonging to Mr. C. L. Brewster. Dr. Brewster then executed an act of donation to Mr. C. L. Brewster. This act of donation, although not necessary to accomplish the donation of an automobile, indicates that Dr. Brewster intended to divest himself of ownership in the vehicle.
Dr. Brewster purchased a 1968 Ford Thunderbird using a 1967 Ford Mustang as a trade-in which was purchased with community funds. He then traded the 1968 Thunderbird on a 1970 Thunderbird which was placed in Mr. C. L. Brewster's name. Dr. Brewster then entered into a lease agreement with his father whereby the doctor paid C. L. Brewster $200 per month for the use of the automobile. As Dr. Brewster continually used this vehicle in his work we do not feel that he made actual delivery of the car to C. L. Brewster. Whatever Dr. Brewster's motives his external actions do not imply an intent to divest himself of ownership of the vehicle.
As stated earlier, the trial judge elected not to pass on the ownership of certain cash funds. Frances Brewster contends these funds should be paid into the registry of the court for distribution in the *391 succession proceedings. She did not appeal from the decision of the trial court and therefore the issues surrounding these funds are not properly before this court.
The trial judge rejected the parents' claim for reimbursement of funeral expenses. The evidence shows that Dr. Brewster deposited funds in Mr. and Mrs. C. L. Brewster's account and we do not feel that the parents have proved they used their own funds to pay for the funeral.
For the reasons stated, the judgment of the trial court is amended decreeing the 1969 Ford Thunderbird automobile to be owned by C. L. Brewster as a result of a manual gift of the automobile to him by deceased, and as amended, the judgment of the trial court is affirmed.
Costs of this appeal is to be borne by appellants.