278 So.2d 875 (1973)
Mary Elizabeth Curtis FAUST
v.
Helen CURTIS et al.
No. 9395.
Court of Appeal of Louisiana, First Circuit.
May 30, 1973.
*876 Edward B. Dufreche, Ponchatoula, for appellant.
Iddo Pittman, Jr., Hammond, for appellees.
Before LOTTINGER, ELLIS and CRAIN, JJ.
ELLIS, Judge:
This is a suit by plaintiff Mary Elizabeth Curtis Faust in which she is seeking to gain possession of certain movable property allegedly belonging to her. Defendants are her mother, Helen Curtis, her aunt, Leona Addison, and her brother, Arthur Curtis, who are alleged to have possession of the said property. After trial on the merits, judgment was rendered in favor of plaintiff, and defendants have appealed.

ON MOTION TO DISMISS
Defendants moved for a suspensive appeal from the judgment of September 25, 1972, and the appeal was granted on September 29, 1972, ordering a bond of $300.00 for the appeal. The bond was filed on October 13, 1972.
On November 8, 1972, plaintiff moved to have the bond declared insufficient and the suspensive appeal revoked. On December 1, 1972, a hearing was held on the above motion, and the court ordered the defendants to post a bond of $4,000.00 for the suspensive appeal. The bond was posted on December 12, 1972.
Plaintiff has now filed a motion to dismiss the suspensive appeal on the ground that the second bond was not filed within the delay provided by Article 5124 of the Code of Civil Procedure, which provides:
"Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental *877 bond, with either the same surety if solvent, or a new or additional surety.
"The new supplemental bond is retroactive to the date the original bond was furnished, and maintains in effect the order, judgment, writ, mandate, or process conditioned on the furnishing of security."
Since the new bond was filed after the four day delay had expired, the suspensive appeal is not valid, and must be dismissed. However, both bonds are timely and adequate to maintain this appeal as a devolutive appeal.
Defendants' appeal is therefore dismissed as a suspensive appeal, but maintained as a devolutive appeal.

ON THE MERITS
The items claimed by plaintiff are listed in her petition as follows:
"1. 1971 Dodge Challenger 2 Dr. HT bearing Serial No. JH23G1B381998
"2. Singer Sewing Machine, Style/Model No. 466/691
"3. School books
"4. Portable Record Player in brown and beige and records
"5. Clothing and personal effects
"6. Picture from Mexico
"7. Portable Hair DryerElectric
"8. Hair DryerElectric
"9. Bride doll
"10. $404.47 in Hammond Bldg. & Loan Pass Book in the name of Mary Curtis or Helen Curtis already withdrawn."
The only items concerning which there is a dispute are the automobile, the sewing machine, one of the hair dryers, and the $404.47.
Plaintiff testified that the automobile and the sewing machine were gifts made to her by her aunt, Mrs. Addison. The certificate of title to the automobile and the bill for sale for the sewing machine were both in plaintiff's name. She kept both of them at her home and for all practical purposes was the only person to use either of them.
Mrs. Addison testified that, although the car was placed in plaintiff's name, it was not intended to be her sole property, but was to be used by both of them. She stated it was placed in plaintiff's name for insurance purposes, because plaintiff used the car most of the time. She testified that the sewing machine was supposed to be used by everyone in the family and was not specifically a gift to plaintiff.
Plaintiff testified that the money in the homestead account was made up of an initial deposit of $200.00 which she had received from various sources when she was graduated from high school. Other deposits were made out of the earnings from a part time job she held while attending college.
Her mother confirmed that the initial deposit was money belonging to plaintiff, but claimed that subsequent deposits were money given her by various members of the family. Mrs. Curtis admitted she withdrew the money from the account, but did not give any testimony to justify a claim of ownership on her part.
As to the hair dryer, plaintiff testified that she received it as a Christmas gift from her mother. Mrs. Curtis testified that she had bought it to be used by all members of the family.
Article 1539 of the Civil Code reads as follows:
"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."
*878 The courts have held that the burden of proof of a manual donation is on the donee, who must show the intent of the donor to make a donation, and a real delivery of the thing donated, by strong and convincing proof. Succession of Woolfolk, 225 La. 1, 71 So.2d 861 (1954).
Considering the testimony in this case in the light of the principles of law above set forth, we find that the conclusion of the trial judge that plaintiff has borne her burden of proof is amply supported by the record. Both the automobile and the sewing machine were bought in her name and remained in her possession. The account in the homestead was admittedly her money, from whatever source received. We think the evidence strongly supports the decision of the trial judge to accept plaintiff's version of the facts.
The judgment appealed from is affirmed, at defendants' cost.
Affirmed.