292 So.2d 728 (1974)
Pearl Kay WOODWARD, Plaintiff-Appellant,
v.
Jewel LEWIS, Defendant-Appellee.
No. 12249.
Court of Appeal of Louisiana, Second Circuit.
March 19, 1974.
Rehearing Denied April 23, 1974.
Writ Refused May 31, 1974.
*729 Lewis Weinstein, Shreveport, for plaintiff-appellant.
Louis Lyons, Bossier City, for defendant-appellee.
Before AYRES, BOLIN, and PRICE, JJ.
AYRES, Judge.
The object of this action is the enforcement of defendant's alleged obligation to return to plaintiff certain sums of money and designated items of jewelry allegedly entrusted by plaintiff to defendant for safekeeping. The money allegedly comprised two sums, one for $12,000 and the other for $25,000, delivered on separate occasions. The alleged value of the jewelry was $20,000. In the event she is unable to obtain the return of the funds and jewelry, plaintiff, in that alternative, prays for a judgment against defendant for the principal sum of $57,000.
The defendant denies the delivery to her of the $12,000 item and, as a further defense, alleges that in the delivery of the remaining property to her there were no conditions or circumstances under which she was to return it to plaintiff, but that the money and jewelry received were donated by plaintiff to defendant by completed and accepted manual gifts. Defendant admittedly received the jewelry and the $25,000 in cash.
After a hearing of this cause on its merits, the trial court concluded that plaintiff had not sustained her burden of proof and established to that degree of certainty required by law the delivery of the alleged $12,000 item of money to defendant. The court, moreover, concluded the jewelry and cash in the sum of $25,000 were the subject matters of manual gifts. Plaintiff's demands were accordingly rejected. Plaintiff having died after trial, her daughter, Kay Woodward, as her sole and only heir, petitioned to be substituted as party plaintiff. After being so substituted, Kay Woodward applied for and was granted orders of appeal which, in due course, she perfected.
*730 In this court, defendant filed a motion to dismiss the appeal. In urging this motion, defendant complains that the substituted plaintiff did not comply with the provisions of Article 801 of the Code of Civil Procedure in making proof that she was a legal successor of the deceased plaintiff. The article of the Code of Civil Procedure referred to provides:
"When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
"As used in Articles 801 through 804, `legal successor' means:
"(1) The survivors designated in Article 2315 of the Civil Code, if the action survives in their favor; and
"(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein." (Emphasis supplied.)
In her application to the trial court to be substituted as party plaintiff, applicant, Kay Woodward, set forth that:
". . . Pearl Kay Woodward departed this life while residing in Bossier Parish, Louisiana, on May 30th, 1973,"
and that she:
". . . is the daughter and sole and only heir of the decedent,"
and that:
". . . proceedings were filed in the 26th Judicial District Court, being Number 4389, entitled `Succession of Pearl Kay Woodward' which succession was completed, and as a result thereof, the Petitioner herein has been placed in possession of all of the estate of the said Pearl Kay Woodward, as the sole and only heir."
This matter, now on appeal, was pending in trial at the time the order of substitution of parties plaintiff was issued. Under LSA-R.S. 15:422(7), judicial cognizance may be taken of "matters pending in the court taking such cognizance . . . ." The requirements of law have, in our opinion, been met; hence the motion to dismiss is without merit.
On the merits of the issues presented for determination here, the evidence establishes there are three transactions with which we are concerned; namely, the delivery or nondelivery (1) of $12,000 in cash in April of 1970, (2) of $25,000 in cash in June of 1970, and (3) of certain items of jewelry.
At the outset, it may be noted that no issue is presented nor dispute raised as to the fact that the jewelry and the $25,000 in cash were actually delivered by Mrs. Woodward to the defendant.
As noted already, defendant denies the delivery of the $12,000 item in cash. With respect to this delivery, there is very little testimony. Plaintiff testified that she withdrew $12,000 in cash from the bank and first delivered it to her sister, the defendant's mother, Mrs. J. E. (Oma Lee) Dobbs, and then later, upon the request of Mrs. Dobbs, delivered this money to the defendant in the presence of Mrs. Dobbs. The bank records confirm both the date and the fact of withdrawal of this sum, but the defendant and Mrs. Dobbs deny that the petitioner delivered this money to them. Thus, that plaintiff made this delivery is not established by a preponderance of evidence.
With reference to the jewelry and the $25,000 admittedly delivered by Mrs. Woodward and received by the defendant, certain definite principles have been established in the jurisprudence of this State. When donations of this character are in the form of manual gifts of corporeal *731 movable effects, accompanied by actual and real delivery, such donations are subject to no other formality. LSA-C.C. Art. 1539; Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502, 506 (1949), and the authorities therein cited. The burden of proof, however, rests upon the one claiming the donation. Funderburk v. Funderburk, supra, and the authorities therein cited. See, also, LSA-C.C. Arts. 2277 and 2288. As pointed out in the Funderburk case by Justice Fournet, later Chief Justice of the Supreme Court of Louisiana:
"An analysis of the cases cited above in connection with Articles 1539 and 1752 of the Revised Civil Code will show that the proof required in such cases must be strong and convincing that it was the donor's intention to give the property." (Emphasis supplied.)
This principle was further emphasized by Justice Le Blanc of the Supreme Court in the Succession of Woolfolk, 225 La. 1, 71 So.2d 861, 864 (1954), wherein it was pointed out:
"By the terms of Article 1539 of the LSA-C.C., `The manual gift, that is, the giving of corporeal movable effects, accompanied by real delivery, is not subject to any formality.' This article does not dispense, however, with the necessity of proof of intention on the part of the donor to give. There is an old Latin maxim in law which reads: `Nemo presumitur donare', i. e., `No one is presumed to give.' This is but another way of stating that the burden of proving the donation is on the donee, and under the decisions of this Court, the proof to support the donation must be strong and convincing. See Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502, and cases therein cited." (Emphasis supplied.)
This court, in the Succession of Brewster, 259 So.2d 388, 390 (1972), in an opinion authored by Judge Heard, stated:

"In order to have a valid donation it must appear that the donor had the intent to divest himself of his property.. . . .

"The burden of proving an alleged donation is on the donee, and such proof to establish a donation must be strong and convincing." (Emphasis supplied.)
Cited are: Succession of Woolfolk, supra; Funderburk v. Funderburk, supra; Succession of Gorman, 209 La. 1092, 26 So.2d 150 (1946); Succession of Oulliber v. Oulliber, 204 So.2d 625 (La.App., 4th Cir., 1967).
The question now logically arises as to whether defendant has carried her burden of proof and established by a preponderance of evidence that the property delivered, namely, the $25,000 in cash and the items of jewelry, constituted subject matters of manual gifts. Plaintiff, who testified at length under direct as well as by cross-examination, emphatically denied that such cash and jewelry constituted manual gifts. In this, she was corroborated by the testimony of the defendant to the effect that this property was delivered to the defendant for safekeeping because of turmoil existing in the marital relationship between plaintiff and her husband.
Both plaintiff and defendant testified that Mrs. Woodward delivered the $25,000 in cash to defendant at her office in the City Hall of Bossier City on June 23, 1970. The defendant never deposited this money in a bank although she had a checking account with the National Bank of Bossier, located across the street from City Hall where she was employed. Mrs. Lewis, the defendant, further testified that she continued to keep this money in cash at her residence.
The same character of testimony prevailed with reference to the jewelry. Mrs. Woodward testified that she delivered the jewelry to her niece, to be returned when requested. Mrs. Lewis contended and testified that the jewelry was the subject matter of manual gifts. Under that line of testimony, which consisted of an affirmative and a denial, it could scarcely be contended *732 that the defendant, upon whom the burden of proof rests, sustained her position.
That on prior ocasions Mrs. Woodward made manual gifts consisting of money and other assets to the defendant constitutes no proof of Mrs. Woodward's intention, under the circumstances existing in this case, to make manual gifts of the money and of the jewelry in the instant case. As noted, her intention, as testified by her, was to place this money and jewelry with her niece for safekeeping until she directed its return.
Nor do we find that the evidence with reference to a purported will made by Mrs. Woodward in 1970, in which she was said to have bequeathed one-third of the entire estate plus all of her jewelry, except for two items, to the defendant supports defendant's position with regard to the items involved constituting manual gifts. Rather, it would appear that the proof of such a situation would support Mrs. Woodward's position. Had the property theretofore been the subject matter of manual gifts to the defendant, there would have been no purpose served by bequeathing the same in a last will and testament to the defendant.
Nor do we find that the defendant's gift of $15,000 to her own daughter, of the money given to the defendant by Mrs. Woodward, and the spending of $6,000 thereof for an automobile, as well as other sums on vacation trips, has any bearing upon the question of Mrs. Woodward's intention in making the deliveries of the money and jewelry in the instances with which we are now concerned.
For the foregoing reasons, the conclusion is inescapable that the delivery of the jewelry and of the $25,000 in cash by Mrs. Woodward to Mrs. Lewis did not constitute manual gifts.
Mrs. Pearl Kay Woodward, plaintiff, was, as already noted, living at the time of the trial and submission of this matter to the court for decision. The application for substitution of the parties plaintiff establishes that plaintiff is now deceased. Contained in the record is evidence that Mrs. Woodward had executed a document purported to be her last will and testament, a copy of which was introduced into and filed in evidence. This will, if properly established and probated, will result in a change of the ultimate interests of the parties, both plaintiff and defendant, in her estate. For instance, the pertinent portions provide:
"I, Pearl Kay Woodward, being of sound and disposing mind do make this my last will and testament, revoking all former wills by me made.
"I name Jewel K. Lewis as my executrix.
"I name Louis Lyons, as my attorney, and in the event he is unable or unwilling to handle same, I name Hal V. Lyons.
"My estate shall be conveyed as follows:
"Gladys Carter to receive $50.00.
"Lucion Hamilton to receive $50.00.
"Oma Lee Dobbs to receive $1,000.00.
"Cecile Kay Woodward to receive two (2) pieces of jewelry now in her possession; two-thirds of the remaining of estate, same to be placed in trust with bank to be selected by my executrix; to receive the income off the property (income beneficiary) and when she reaches the age of 45 years she is to receive one-half of capitol [sic] and at age of 55 years to receive the remainder.
"Jewel K. Lewis is to receive one-third of estate, and the remainder of jewelry."
The document's validity as a will must, in the first instance, be determined by the court below; that court is charged with the duty with respect to its probation. The trial of this cause should be reopened to *733 permit the filing of additional proceedings with reference to a last will and testament, if any, of the original plaintiff, its probation, and the determination of the rights and interests of the parties thereunder.
Accordingly, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered that this cause be, and it is hereby, remanded to the Honorable Twenty-Sixth Judicial District Court in and for Bossier Parish, Louisiana, for further proceedings according to law and consistent with the views expressed hereinabove.
Plaintiff-appellant is assessed with the cost of this appeal. The assessment of all other costs is to await final judgment.
Reversed and remanded.