331 So.2d 874 (1976)
Joe Ben HAYES, Plaintiff-Appellant,
v.
Charlotte DOMPE, Defendant-Appellant.
No. 12891.
Court of Appeal of Louisiana, Second Circuit.
April 19, 1976.
Rehearing Denied May 24, 1976.
*875 Henry C. Walker, IV, Shreveport, for plaintiff-appellant.
Naff, Kennedy, Goodman, Stephens, Donovan & Parnell by Robert J. Donovan, Jr., Shreveport, for defendant-appellant.
Before HALL, MARVIN and SMITH, JJ.
En Banc. Rehearing Denied May 24, 1976.
HALL, Judge.
Plaintiff, Joe Ben Hayes, filed suit against defendant, Charlotte Dompe, claiming ownership of certain household goods and furniture alleged to be in the possession of defendant. Plaintiff prayed for a writ of sequestration which was issued and the property was seized by the sheriff and placed in storage. Defendant answered denying plaintiff's ownership of the property. By reconventional demand defendant claimed ownership of the property, together with other household goods and furniture alleged to be in plaintiff's possession. Defendant further sought to recover damages for trespass and invasion of privacy arising out of plaintiff's alleged unlawful entry into her apartment and removal of the items of furniture now in plaintiff's possession.
After trial, pursuant to written reasons for judgment, the district court rendered judgment recognizing defendant's ownership of most of the items of furniture, recognizing plaintiff's ownership of some of the furniture, and rejecting defendant's reconventional demand for damages. Both parties appealed devolutively and, additionally, plaintiff answered defendant's appeal.
The issues on appeal are (1) ownership of the items of furniture; and (2) defendant's entitlement to damages for trespass and invasion of privacy.
In the spring of 1974, plaintiff had recently separated from his wife and was living in the Mikado Apartments in Shreveport. He and defendant, who was living in the Lakewood Villa Apartments in Shreveport with her two children and her mother, began going together. On June 22, 1974, plaintiff signed a lease for an apartment in the Cypress Cove Apartments with occupancy to begin July 1, 1974. In the lease application plaintiff showed his wife's name as Charlotte.
Plaintiff and defendant moved into the apartment. Defendant owned a house trailer and furniture in Arkansas and intended to move her furniture to the apartment, but plaintiff informed her he wanted her to have something new and nice that would fit into the new apartment. Defendant sold her trailer and furniture for $4,000, using approximately $3,100 to pay off the note on her automobile and giving the balance to plaintiff for the purpose, according to her testimony, of being applied to payment for the furniture purchased by him for use in the new apartment, which is part of the furniture in dispute.
At the time the parties moved into the Cypress Cove apartment, plaintiff bought several items of furniture consisting of a gold living room couch, a gold high back living room chair and "elephant" table, a dining room table and six chairs, antique *876 wall fixtures, two twin beds, a king-size mattress and springs, a tiffany lampshade and a set of glasses monogrammed with an "H". Defendant helped him pick out the new furnishings. Plaintiff also brought to the apartment several items of furnishings already owned by him consisting of an antique iron sewing machine base and antique sewing machine, and antique clock, a stained glass window seven feet tall, an antique window two feet by four feet, a Kenmore freezer, a drop leaf table, an antique hall tree, an AM/FM stereo with speakers and a tea cart. During the time the parties lived together plaintiff also bought defendant's clothes, some linens, barstools, a coffee table and an oil lamp, which items are in defendant's possession and are not involved in this lawsuit.
Defendant testified they were to be married as soon as plaintiff's divorce was final. While plaintiff denied he ever intended to marry defendant, the evidence discloses he listed her as his wife when he rented the apartment, introduced her as his wife on occasion, allowed her to charge purchases as Mrs. Hayes and discussed a future honeymoon trip with defendant and members of her family. While the parties lived together defendant's children lived with them part of the time and defendant's mother lived with them for several weeks.
In August, 1974, friction developed between the parties and plaintiff moved out of the apartment, going to live with his mother. He came back shortly thereafter and the parties resumed their relationship until about the middle of September when plaintiff left for good. Thereafter, defendant made the monthly payments on the apartment and she signed a new lease in her own name in March, 1975. The furniture remained in her possession at the apartment.
In May, 1975, eight months after the parties stopped living together, plaintiff, with his fiancee who later became his wife and their five children, went to defendant's apartment during the afternoon and asked to be given the stereo, the antique sewing machine and the tea cart. Defendant refused saying that she would talk to plaintiff at a later date about the furniture. Plaintiff and his group left the apartment but after a few minutes came back, knocked on the door and called for defendant to let them in. Defendant did not reply, nor did she go to the door. About this time the apartment maintenance man came by and allowed plaintiff, or a member of his group, to use his key to open the apartment door. After some commotion and excitement, plaintiff removed from the apartment the stereo, the antique sewing machine and the tea cart. The commotion attracted attention of other residents of the apartment complex and the police were called. Later that same night, about midnight, plaintiff's fiancee went back to the apartment, was admitted by defendant, and was engaged in conversation with defendant. Defendant's brother was also present in the apartment. Plaintiff came to the door, which was opened by defendant's brother, and an altercation ensued between plaintiff and the brother. The police were called again.
Defendant testified plaintiff gave her all of the furniture in the apartment as a gift to replace the furniture she sold and so she would have something nice. Plaintiff testified he never intended to give the furniture to defendant and never said he was doing so. Defendant's version is corroborated, particularly as to the new furniture bought at the time the parties started living together, by the testimony of her mother, brother, sister-in-law and friends. The essence of their testimony was that as the new furniture was purchased, plaintiff would comment proudly about the nice new things he was buying for Charlotte.
The trial court held there was ample evidence, and found as a fact, that all of the furniture with the exception of the stained glass windows was owned by defendant, having been given to her by plaintiff. The *877 trial court accepted defendant's testimony, supported by other testimony and corroborating circumstances, on what was basically a credibility issue. The evidence is convincing that plaintiff bought the new furniture as a gift for defendant. The primary thrust of the testimony of defendant and her witnesses relates to the new furniture. The evidence is less convincing as to the furniture already owned by plaintiff prior to the establishment of his relationship with defendant.
LSA-C.C. Art. 1539 provides:
"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."
The burden of proving a manual gift is on the donee who must show the intent of the donor to make a donation and a real delivery of the thing donated by strong and convincing proof. Succession of Woolfolk, 225 La. 1, 71 So.2d 861 (1954); Woodward v. Lewis, 292 So.2d 728 (La.App.2d Cir. 1974), writ denied, 294 So.2d 839; Faust v. Curtis, et al, 278 So.2d 875 (La.App.1st Cir. 1973); Succession of Brewster, 259 So.2d 388 (La.App.2d Cir. 1972).
Applying this standard of proof, we find defendant met the burden of proving a gift to her of the furniture bought at the time of and after the parties rented the apartment and began living together. We find that defendant failed to bear her burden of proving a gift of the furniture already owned by plaintiff. The judgment of the district court will be amended accordingly.
A case closely in point is Adams v. Long, 5 So.2d 163 (La.App.2d Cir. 1941). In that case plaintiff claimed ownership of an automobile purchased by him while living in a state of concubinage with defendant. After the relationship terminated defendant refused to turn the car over to plaintiff, claiming it was hers by virtue of a manual gift. The court held that the evidence justified a finding that plaintiff made a manual gift of the car to defendant and approved the following statement by the trial court:
"Plaintiff had partaken of the sweets and now he could partake of the bitters."
Defendant claims damages for humiliation, embarrassment and the like arising out of plaintiff's entry into her apartment without her permission, removal of items of furniture and causing of a commotion. The facts surrounding the incident are highly disputed in many respects but it is clear that plaintiff entered the apartment without defendant's consent and over her objection and removed furniture from the apartment without her consent. All of this took place more than eight months after the parties terminated their relationship and at a time when plaintiff had no vestige of legal right to enter defendant's apartment. The incident attracted attention and undoubtedly caused defendant some embarrassment and distress. Considering all of the circumstances, we conclude defendant is entitled to recover damages, but only in a rather minimal or nominal amount. The award is fixed at $500.
For the reasons assigned, the judgment of the district court is hereby amended to recognize plaintiff, Joe Ben Hayes, as the owner of the following property, to-wit:
(1) 1 antique iron sewing machine base;
(2) 1 antique clock;
(3) 1 stained glass window7 feet tall;
(4) 1 antique window, stained glass 2 feet by 4 feet;
(5) 1 Kenmore freezer;

*878 (6) 1 drop leaf table;
(7) 1 antique hall tree;
(8) 1 AM/FM stereo and 2 speakers;
(9) 1 antique sewing machine;
(10) 1 tea cart; and
(11) 1 set of monogrammed "H" drinking glasses;
and to recognize defendant, Charlotte Dompe, as owner of the following property, to-wit:
(1) 1 gold living room couch;
(2) 1 gold high back living room chair;
(3) 1 elephant table;
(4) 1 dining room table and 6 chairs;
(5) antique fixtures on the walls;
(6) 2 twin beds;
(7) 1 king-size mattress and springs; and
(8) 1 tiffany lampshade.
The judgment of the district court is reversed insofar as it rejected the demand of defendant and plaintiff-in-reconvention, and it is now ordered, adjudged and decreed that there be judgment herein in favor of plaintiff-in-reconvention, Charlotte Dompe, and against defendant-in-reconvention, Joe Ben Hayes, in the sum of Five Hundred and No/100 ($500) Dollars, with legal interest thereon from date of judicial demand until paid. All costs of this appeal are assessed to plaintiff, Joe Ben Hayes.
Amended in part, reversed in part and rendered.