DECUIR, Judge.
Defendant, Mary Maturin, appeals a judgment of the trial court ordering her to return a mobile home to the plaintiff, Charles Rivoire, Jr. For the reasons that follow, we affirm.
FACTS
Maturin and Rivoire dated from June 1999 to approximately October 1999. On about July 28, 1999, Rivoire purchased a 1999 Buccaneer mobile home for approximately $35,000.00. The title to the mobile home was in his name as was the registration. Maturin sold her mobile home and Rivoire had the new mobile home set up on Maturm’s property. Maturin lived in the mobile home and paid bills related to its use. Rivoire, however, maintained insurance on the mobile home.
On July 22, 1999, Rivoire sought information from Iberia Bank on amortization of a $37,000.00 loan over 16 years. On August 7, 1999, Iberia Bank furnished Ri-voire with a lease/purchase agreement and promissory notes which would have allowed him to lease the mobile home to a third party. Subsequently, Rivoire submitted the documents to Maturin for her *988 signature. She refused to sign. The trial court found, however, that she made at least one payment to Rivoire.
For an undisclosed reason, the relationship between Maturin and Rivoire soured. On November 29, 2001, Rivoire sent a demand letter to Maturin demanding payment in accordance with the lease/purchase agreement and, offering in the alternative to sell the mobile home to Maturin. Ultimately, Rivoire filed suit seeking the return of the trailer. Maturin responded that the trailer was a gift to her from Rivoire. The trial court found in favor of Rivoire and ordered Maturin to return the mobile home. Maturin lodged this appeal.
DONATION
On appeal, Maturin contends that the trial court erred in not finding that Rivoire had made a manual gift, which was completed when the mobile home was delivered and set up on her property. We disagree.
Louisiana Civil Code Article 1539 provides: “The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality.” However, the provision that the manual gift is not subject to any formality does not dispense with the necessity of proof of intention on the part of the donor to give, and the alleged donee has the burden of proving the donation by evidence which is strong and convincing. Succession of Woolfolk, 225 La. 1, 71 So.2d 861 (1954); Succession of McCrocklin, 126 So.2d 364 (La.App.1960).
“Although the determination of whether a donation took place is a legal question, the supporting evidence is based on factual conclusions drawn by the trial court.” Terrell v. Terrell, 26,863 (La.App. 2 Cir. 5/10/95); 655 So.2d 600, 602. These factual conclusions. may be disturbed on appeal only if manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). In this case, the trial court heard the defendant, her daughter, and son-in-law testify that Rivoire told them that he wanted to give Maturin whatever she needed because he loved her. The witnesses also testified that Rivoire intended to marry Maturin. On the other hand, Rivoire denied that he gave the mobile home to Maturin, asserting that he purchased it with the understanding that he would be repaid. The documentary evidence included copies of the title and registration in Rivoire’s name, as well as copies of Rivoire’s insurance payments on the mobile home, and. the lease/purchase agreement which both parties agreed Ma-turin refused to sign. Based on this evidence, the trial court concluded that Ma-turin had failed to prove by strong and convincing evidence that Rivoire intended to donate the mobile home to her. We find no manifest error in that conclusion. Accordingly, the judgment ordering Matu-rin to return the mobile home was appropriate.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Mary Maturin.
AFFIRMED.