LOTTINGER, Judge.
This is a suit by petitioner, Mrs. Virginia H. Brinkmann, against defendant Reginald R. Brinkmann, Jr., wherein petitioner claims the ownership of certain articles of art consisting of ceramic birds. The Lower Court rendered judgment in favor of defendant and the petitioner has taken this appeal.
*354 As the Lower Court so aptly stated:
“The sole legal issue for the disposition of this court is the ownership of certain ceramic art objects commonly referred to as Dorothy Doughty Birds. But as is evident from the testimony of the parties, as well as acknowledgment of counsel, the real and underlying issue between the parties concerns a bitter family feud rooted in a quest for money on the part of the sons and a need for attention on the part of a wealthy parent. Counsel and the court have made diligent efforts to repair the breach between those concerned to no avail and therefore the court will address itself to the superficial question called for decision.”
The evidence discloses that during the year 1964, the petitioner brought several pairs of birds from her home in Shreveport to the Baton Rouge apartment of her son. She also ordered a white scissortail plaque from a Dallas department store and had it shipped directly to her son in Baton Rouge. At the same time she purchased a breakfront, which is a cabinet in which to display the birds, and had it placed in her son’s apartment.
During this period of time, as she had done previously, the petitioner lavished many gifts on her son and his financee. She acknowledged that the breakfront and other expensive objects were indeed gifts, but contends that the birds were merely a loan. Petitioner claims that the motivating reason for moving the birds to her son’s apartment was because she had been instructed by her insurance agent to avoid concentrating all of the birds under one roof as well as for the further purpose of decorating and enhancing the appearance of her son’s apartment. As evidence of this intention, petitioner claimed that she maintained insurance on the birds during the entire period from 1964, until the arising of this dispute. The defendant, to the contrary denies his mother’s assertions and contends that she specifically gave the birds to him without reservation.
In Succession of Oulliber v. Oulliber, La. App., 204 So.2d 625, the court in reviewing the law relating to gifts and donations of the kind under consideration, declared:
“A donation of movable property may be given legal effect simply by the donor causing the object to be delivered to the donee. A valid anual gift under Article 1539 Civil Code is accomplished by real delivery:
‘The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality.’
Thus, the necessary element of intent is supplied by the donor’s having the object delivered to the donee. The fact of delivery serves to accomplish an irrevocable transfer to the donee and an immediate divesting of the owner’s control over the gift property.”
As Mrs. Brinkmann acknowledges that she personally did deliver all but one of the birds to her son’s apartment and, as to that one, had it caused to be delivered, the only question to be resolved by the court is whether her intent was to make a loan instead of a gift. The only evidence favoring petitioner’s intention in this regard is the fact that she continued to carry insurance on the birds. However, both she and her bookkeeper admitted that some of her son’s other insurance coverage was paid by Mrs. Brinkmann.
Petitioner readily admitted giving her son a new automobile, an expensive ring, mink coats and a multitude of other expensive gifts at about the same time without any reservations. Consistent with her other actions is the fact that she provided the breakfront to house the birds, and she admitted that the breakfront was a gift to her son. If, indeed, it was her intention not to give the birds but merely to loan them, it would appear that the breakfront also should have been loaned instead of given. Petitioner herself testified that:
“I only asked for the return of the birds because I understood that he had sold the birds and he was not to sell them.”
*355 Although petitioner claims that she filed no gift tax returns relating to the birds, she admitted that no returns were filed on any of the gifts to her son. Of course the testimony adduced by the two sides in this case is in direct conflict. In such cases, a great deal of discretion is afforded the Lower Court in evaluating the credibility of the various witnesses. The Lower Court evidently believed the witnesses for defendant, gave no credence to the testimony of the, witnesses for petitioner, and rendered his decision accordingly. The witnesses were present in the court below and great weight is given the discretion of the judge below in evaluating the credibility of the witnesses. His decision on the facts are not to be disturbed unless .same are manifestly erroneous. We find no such error here.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.